**FILED**

**DECEMBER 18, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KARL MAGNUS

      Plaintiff,

v.

FINANCIAL NETWORK INVESTMENT
CORPORATION, and JOHN DOES 1-10.,

      Defendants.

No.

**07 C 7112**

**JUDGE DOW**
**MAGISTRATE JUDGE COLE**

## NOTICE OF REMOVAL

Defendant, Financial Network Investment Corporation ("FNIC"), by its attorneys, hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support hereof, FNIC respectfully states:

1.    On November 6, 2007, Plaintiff Karl Magnus ("Magnus") commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois, under the same title as above and bearing Case No. 07 CH 32379.

2.    FNIC, the only defendant to be served in this matter to date, was served with Summons and a copy of the Complaint through its registered agent on November 27, 2007. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.    Plaintiff has brought a claim arising under the laws of the United States, specifically a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in addition to various state law claims over which this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and is an action that FNIC can remove pursuant to 28 U.S.C. § 1441. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005) (holding that removal of

TCPA claim was authorized because such claim arises under federal law); *Benedia v. Super Fair Cellular, Inc.*, No. 07 C 01390, 2007 WL 2903175, at * 1 (N.D. Ill. Sep. 26, 2007); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 0949, 2006 WI 113286 (N.D. Ill. Apr. 19, 2006) ("*Brill* is the only controlling authority on this issue, and clearly stands for the notion that federal courts having "arising under" jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331, and that such claims are thus removable under 28 U.S.C. § 1441.").

5.      The United States District Court for the Northern District of Illinois, Eastern Division, is the District Court of the United States embracing Cook County, Illinois. *See* 28 U.S.C. § 93(a)(1).

6.      In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint, and all process and pleadings served on FNIC in this case in the state court, are attached hereto.

7.      The time provided under state law for FNIC to answer or otherwise plead to the Complaint has not expired.

8.      By filing this Notice of Removal, FNIC does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest personal jurisdiction, the sufficiency of service of process, and whether venue is proper in this Court or in the court for which this action was removed.

9.      As of the time of the filing the Notice of Removal, no other defendants to this action has been served with the Complaint, nor are the identifies of any other "John Doe" defendants identified in the caption capable of being readily identified.

WHEREFORE, Financial Network Investment Corporation hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

2

Dated: December 18, 2007

Respectfully submitted,

FINANCIAL NETWORK INVESTMENT
CORPORATION

By:_____
                One of Its Attorneys

James V. Garvey
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: 312-609-7500
F: 312-609-5005

3

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

KARL MAGNUS,

v.

FINANCIAL NETWORK INVESTMENT CORPORATION,
and JOHN DOES 1-10,

No. **07CH52379**

Financial Network Investment Corporation
c/o CT Corporation System
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106
Name: Edelman, Combs, Latturner, & Goodwin, LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street
City/State/Zip: Chicago, IL 60603
Telephone: 312.739.4200
Service by Facsimile Transmission will be accepted at:

WITNESS, _____

NOV  6 2007

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(312)    419-0379
(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

KARL MAGNUS,

      Plaintiff,

v.

FINANCIAL NETWORK INVESTMENT
      CORPORATION,
and JOHN DOES 1-10,

      Defendants.

RECEIVED

NOV 29 2007

LEGAL DEPT

07CH32379

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.     Plaintiff Karl Magnus brings this action to secure redress for the actions of defendant Financial Network Investment Corporation in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.     The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.    Plaintiff Karl Magnus is an individual who maintains telephone facsimile equipment in Cook County, Illinois.

4.    Defendant Financial Network Investment Corporation is a California corporation that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

5.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

     a.    Have committed tortuous acts in Illinois by causing the transmission of unlawful communications into the state.

     b.    Have transacted business in Illinois.

## FACTS

7.    On or about May 17, 2007, plaintiff Karl Magnus received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

8.    Discovery may reveal the transmission of additional faxes as well.

9.    Defendant Financial Network Investment Corporation is responsible for sending or causing the sending of the fax.

10.    Defendant Financial Network Investment Corporation, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of

2

the faxes.

11.    The fax refers to a website registered to defendant Financial Network Investment Corporation or its affiliate ING North America Insurance.

12.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13.    On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

14.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

16.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

17.    Plaintiff incorporates ¶¶ 1-16.

18.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

3

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)  both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

20.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

21.    Plaintiff and each class member is entitled to statutory damages.

22.    Defendants violated the TCPA even if their actions were only negligent.

23.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Financial Network Investment Corporation,  and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Financial Network

4

Investment Corporation promoting its goods or services for sale (d) and with respect to whom

defendant cannot provide evidence of express consent or an established business relationship

prior to the faxing, together with an "opt out" notice that complies with federal law.

      25.    The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

      26.    There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members. The predominant common

questions include:

      a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

      b.    The manner in which defendants compiled or obtained their list of

fax numbers;

      c.    Whether defendants thereby violated the TCPA;

      d.    Whether defendants thereby engaged in unfair acts and practices,

in violation of the ICFA.

      e.    Whether defendants thereby converted the property of plaintiff.

      27.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

      28.    A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the

5

prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

29.    Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844  (Ariz. App.  2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see  State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

30.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax advertising;

d.    Costs of suit;

e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

31.    Plaintiff incorporates ¶¶ 1-16.

32.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

33.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

34.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

35.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

36.    Defendants engaged in such conduct in the course of trade and commerce.

37.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

38.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

39.    Defendants should be enjoined from committing similar violations in the

7

future.

## CLASS ALLEGATIONS

40.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Financial Network Investment Corporation, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Financial Network Investment Corporation promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing, together with an "opt out" notice that complies with federal law.

41.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

43.    Plaintiff will fairly and adequately protect the interests of the class.

8

Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44.   A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.   Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.    Appropriate damages;

        b.    An injunction against the further transmission of unsolicited fax advertising;

        c.    Attorney's fees, litigation expenses and costs of suit;

        d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

46.   Plaintiff incorporates ¶¶ 1-16.

47.   By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

48.   Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper

and ink or toner used to print the faxes.

49.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

52.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

53.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Financial Network Investment Corporation, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Financial Network Investment Corporation promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing, together with an "opt out" notice that complies with federal law.

54.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

10

55.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.     Whether defendants thereby violated the TCPA;

      c.     Whether defendants thereby committed the tort of conversion;

      d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      e.     Whether defendants thereby converted the property of plaintiff.

56.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

57.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

58.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

11

a.  Appropriate damages;

b.  An injunction against the further transmission of unsolicited fax advertising;

c.  Costs of suit;

d.  Such other or further relief as the Court deems just and proper.


_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\20356\Pleading\Complaint_Pleading.wpd

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A

# Please Join Us!

*You and your employees are cordially invited to attend the seminar. Please forward invitation so those interested in attending can confirm their attendance.*

---

Please join

**Gayle Mikel**

of

**Financial Network**

for a

Comprehensive Seminar

### *"Advantages of Owning Real Estate Investment Trusts"*

featuring

Jon Eastman, Regional Vice President
Wells Real Estate Funds

Tuesday, May 22, 2007
9:00 a.m.

Oak Brook Terrace Tower Center
One Tower Lane
Suite 1700
Oak Brook Terrace, IL 60181
630-928-3765

Breakfast will be served.

Space is limited.

RSVP to Financial Network at 630-928-3765
or e-mail mikelg@financialnetwork.com
by Friday, May 19, 2007

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL was served on:

>  Daniel A. Edelman
>  Michelle R. Teggelaar
>  Julie Clark
>  Heather A. Kolbus
>  Edelman, Combs, Latturner &
>  Goodwin, LLC
>  120 South LaSalle Street, 18th Floor
>  Chicago, Illinois 60603

by First Class, U.S. Mail, by depositing same in the mail chute located at 222 North LaSalle

Street, Chicago, Illinois 60601, on or about 5:00 p.m. on December 18, 2007.

4