IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARL MAGNUS, | |
| Plaintiff, | |
| v. | No. 07 C 7112 |
| FINANCIAL NETWORK INVESTMENT CORPORATION, and JOHN DOES 1-10, | Judge Dow |
| Defendants. | Magistrate Judge Cole |

**FINANCIAL NETWORK INVESTMENT CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S  COMPLAINT**

Defendant Financial Network Investment Corporation ("FNIC"), by its counsel, for its

Answer and Affirmative Defenses to Plaintiff Karl Magnus' Complaint, states as follows:

**ALLEGATION NO. 1:**

Plaintiff Karl Magnus brings this action to secure redress for the actions of defendant
Financial Network Investment Corporation in sending or causing the sending of unsolicited
advertisements to telephone facsimile machines in violation of the Telephone Consumer
Protection Act, 47 U.S.C. §227 ("**TCPA**"), the Illinois Consumer Fraud Act, 815 ILCS 505/2
("**ICFA**"), and the common law.

**ANSWER:**

FNIC admits that Magnus has brought an action under the TCPA, ICFA and the common

law, but denies that Plaintiff has stated claims or is entitled to any relief thereunder.

**ALLEGATION NO. 2:**

The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising
damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its
fax machine.  The recipient also wastes valuable time it would have spent on something else.
Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear
and tear on fax machines, and require labor to attempt to identify the source and purpose of the
unsolicited faxes.

**ANSWER:**

FNIC admits that the TCPA exists and denies any allegations of fact or inferences contrary thereto.  FNIC specifically denies Plaintiff's attempt to summarize the provisions of the TCPA.  FNIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2.

**PARTIES**

**ALLEGATION NO. 3:**

Plaintiff Karl Magnus is an individual who maintains telephone facsimile equipment in Cook County, Illinois.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

**ALLEGATION NO. 4:**

Defendant Financial Network Investment Corporation is a California corporation that does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:**

FNIC admits.

**ALLEGATION NO. 5:**

Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

## JURISDICTION AND VENUE

**ALLEGATION NO. 6:**

Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

(a)     Have committed tortuous acts in Illinois by causing the transmission of unlawful communications into the state.

(b)     Have transacted business in Illinois.

**ANSWER:**

FNIC admits that it has transacted business in Illinois.  FNIC denies the remaining allegations of Paragraph 6.

## FACTS

**ALLEGATION NO. 7:**

On or about May 17, 2007, plaintiff Karl Magnus received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**ALLEGATION NO. 8:**

Discovery may reveal the transmission of additional faxes as well.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

**ALLEGATION NO. 9:**

Defendant Financial Network Investment Corporation is responsible for sending or causing the sending of the fax.

**ANSWER:**

FNIC denies.

CHICAGO/#1722884.3

**ALLEGATION NO. 10:**

Defendant Financial Network Investment Corporation, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER:**

FNIC denies.

**ALLEGATION NO. 11:**

The fax refers to a website registered to defendant Financial Network Investment Corporation or its affiliate ING North America Insurance.

**ANSWER:**

FNIC refers to Exhibit A of the Complaint and denies any allegations of fact or interferences contrary thereto.

**ALLEGATION NO. 12:**

Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

**ALLEGATION NO. 13:**

On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

**ANSWER:**

FNIC denies.

**ALLEGATION NO. 14:**

On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 14.

**ALLEGATION NO. 15:**

There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 15.

**ALLEGATION NO. 16:**

Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

**ANSWER:**

FNIC is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 16.

## COUNT I – TCPA

**ALLEGATION NO. 17:**

Plaintiff incorporates ¶¶ 1-16.

**ANSWER:**

FNIC incorporates its answers to Paragraphs 1 through 16 as its answer to Paragraph 17.

**ALLEGATION NO. 18:**

The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . ." 47 U.S.C. §227(b)(1)(C).

CHICAGO/#1722884.3

**ANSWER:**

FNIC admits that Paragraph 18 purports to quote a portion of the TCPA. FNIC admits that Paragraph 18 contains a complete quotation of 47 U.S.C. § 227(b)(1)(C) and denies the allegations contained in this Paragraph to the extent that they are inconsistent with 47 U.S.C. § 227(b)(1)(C) or the TCPA. FNIC denies the remaining allegations of Paragraph 18.

**ALLEGATION NO. 19:**

The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State**

(a)    **an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

(b)    **an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

(c)    **both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**ANSWER:**

FNIC admits that Paragraph 19 purports to quote a portion of the TCPA. FNIC admits that Paragraph 19 contains a complete quotation of 47 U.S.C. § 227(b)(3) and denies the allegations contained in this Paragraph to the extent that they are inconsistent with 47 U.S.C. § 227(b)(3) or the TCPA. FNIC denies the remaining allegations of Paragraph 19.

**ALLEGATION NO. 20:**

Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER:**

FNIC denies.

**ALLEGATION NO. 21:**

Plaintiff and each class member is entitled to statutory damages.

**ANSWER:**

FNIC denies.

**ALLEGATION NO. 22:**

Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:**

FNIC denies.

**ALLEGATION NO. 23:**

Defendants should be enjoined from committing similar violations in the future.

**ANSWER:**

FNIC denies.

## CLASS ALLEGATIONS

**ALLEGATION NO. 24:**

Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Financial Network Investment Corporation, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Financial Network Investment Corporation promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing, together with an "opt out" notice that complies with federal law.

**ANSWER:**

FNIC admits that Plaintiff purports to bring this case as a class action on behalf of the putative class members identified in Paragraph 24. FNIC denies that a class should be certified in this case. FNIC denies the remaining allegations of Paragraph 24.

CHICAGO/#1722884.3

**ALLEGATION NO. 25:**

The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:**

FNIC admits that Plaintiff alleges "on information and belief that there are more than 40 members" of the putative class.  FNIC denies the remaining allegations of Paragraph 25.

**ALLEGATION NO. 26:**

There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

(a)     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

(b)     The manner in which defendants compiled or obtained their list of fax numbers;

(c)     Whether defendants thereby violated the TCPA;

(d)     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

Whether defendants thereby converted the property of plaintiff.

**ANSWER:**

FNIC denies.

**ALLEGATION NO. 27:**

Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:**

FNIC denies that Plaintiff can fairly and adequately represent the interests of the putative class.  FNIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

8

**ALLEGATION NO. 28:**

A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:**

FNIC denies.

**ALLEGATION NO. 29:**

Several courts have certified class actions under the TCPA.  <u>Travel 100 Group, Inc. v. Empire Cooler Service Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); <u>ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.</u>, 50 P.3d 844 (Ariz. App. 2002); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see <u>State of Texas v. American Blast Fax Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:**

FNIC admits that class certification motions have been granted and denied in other cases brought under the TCPA.  FNIC denies the remaining allegations of Paragraph 29.

**ALLEGATION NO. 30:**

Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:**

FNIC denies.

<b>COUNT II – ILLINOIS CONSUMER FRAUD ACT</b>

FNIC has filed a Motion to Dismiss Count II of the Complaint and, therefore, makes no answer to Count II.

<b>COUNT III – CONVERSION</b>

FNIC has filed a Motion to Dismiss Count III of the Complaint and, therefore, makes no answer to Count III.

CHICAGO/#1722884.3

### AFFIRMATIVE DEFENSES

FNIC states as follows for its Affirmative Defenses to Count I of the Complaint, without waiver of the obligation of Plaintiff to prove each element of his claims:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he has failed to state a claim upon which any relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they relate to faxes sent prior to the fax attached as Exhibit A to the Complaint which are subject to applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Telephone Consumer Protection Act of 1991, ("TCPA") codified at 47 U.S.C. § 227, is unconstitutionally vague and unnecessarily impinges on freedom of speech rights granted by the First Amendment to the United States Constitution. The fax advertisement at issue in this case is commercial speech that the government has only a limited ability to regulate under the First Amendment.  The fax solicitation provisions of the TCPA represent an unconstitutional application of that power under the Supreme Court's test set forth in *Central Hudson Gas & Elect. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 566 (1980). The TCPA fails this test because it penalizes only commercial speech without providing any rationale for its content based discrimination.  Additionally, the interests underlying the TCPA's fax solicitation provisions could be served through far less speech-restrictive methods.

10

Furthermore, the TCPA is unconstitutionally vague because the TCPA fails to give sufficient guidance as to what is prohibited by the TCPA, and permits selective enforcement of the Act.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Telephone Consumer Protection Act of 1991, codified at 47 U.S.C. § 227, is unconstitutional because it violates Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution. The TCPA penalizes violations of the fax solicitation provision with a $500 fine that may be trebled if the violation is "knowing[]" or "willfull[]." *See 47 U.S.C.A. § 227*(b)(3). This statutory penalty for damages that in reality amount to only a few cents worth of paper and ink is unconstitutionally excessive under the Due Process Clause of the Fifth Amendment. Furthermore, the $500 penalty at issue here for solely economic loss of a *de minimis* nature is far in excess of even the outer limits of penalties sanctioned by the Supreme Court.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Telephone Consumer Protection Act of 1991, codified at 47 U.S.C. § 227, is unconstitutional because it imposes excessive fines in violation of the Eighth Amendment to the United States Constitution. The draconian statutory damages authorized by the TCPA violate the Eighth Amendment's prohibition against draconian penalties. The TCPA penalizes violations of the fax solicitation provision with a $500 fine that may be trebled if the violation is "knowing[]" or "willfull[]." *See 47 U.S.C.A. § 227*(b)(3). This statutory penalty for damages that in reality amount to only a few cents worth of paper and ink is unconstitutionally excessive under the Eighth Amendment's prohibition of excessive fines.

### EIGHTH AFFIRMATIVE DEFENSE

This action cannot properly be maintained as a class action in that, among other things:

11

1.    Properly interpreted, the TCPA does not permit claims arising under the Act to be asserted through a class action.  Rather, the Act contemplates only individual actions to address the minor nuisance of unsolicited fax advertisements.

2.    Common questions of law and fact do not predominate over individual issues.

3.    Plaintiff does not satisfy the requirement that its claims be typical of those of the class.

4.    Plaintiff's counsel is pursuing numerous claims under the TCPA on behalf of himself.  These circumstances may give rise to conflicts of interest which would preclude such counsel from being appropriate counsel to represent the interests of the alleged class.

5.    The prerequisites for maintaining an action as a class action otherwise are not satisfied.

WHEREFORE, Defendant Financial Network Investment Corporation requests that this Court enter judgment in its favor and award its such other relief as is appropriate.


Dated: December 26, 2007                    Respectfully submitted,

                                            FINANCIAL NETWORK INVESTMENT
                                            CORPORATION


                                            By:  s/ Jeffery M. Heftman
                                                     One of Its Attorneys

James V. Garvey
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: (312) 609-7500
F: (312) 609-5005

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Defendant

Financial Network Investment Corporation's ANSWER AND AFFIRMATIVE DEFENSES was served

on:

      Daniel A. Edelman
      Michelle R. Teggelaar
      Julie Clark
      Heather A. Kolbus
      EDELMAN, COMBS,
      LATTURNER & GOODWIN, LLC
      120 S. LaSalle St., 18th Floor
      Chicago, IL 60603

by electronic service on December 26, 2007.

                          s/ Jeffery M. Heftman