IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARL MAGNUS | |
| Plaintiff, | |
| v. | No. 07 C 7112 |
| FINANCIAL NETWORK INVESTMENT CORPORATION, and JOHN DOES 1-10., | Judge Dow |
| Defendants. | Magistrate Judge Cole |

### FINANCIAL NETWORK INVESTMENT CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Financial Network Investment Corporation ("FNIC"), by its counsel, for its Memorandum in Support of its Motion to Dismiss Counts II and III of Plaintiff Karl Magnus' Complaint ("Complaint"), states as follows:

### INTRODUCTION

Counts II and III of Plaintiff's Complaint should be dismissed because Plaintiff has failed to sufficiently plead causes of action for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II) and conversion (Count III). Count II should be dismissed because the sending of a fax does not constitute an unfair or deceptive conduct under the ICFA. Plaintiff does not allege that anything contained in the fax attached to the Complaint was false, misleading or deceptive. Rather, Plaintiff merely concludes that the sending of the fax was an "unfair practice." (Compl. ¶ 35.) This conclusory allegation is insufficient to state a claim for relief under the ICFA, and Count II should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Count III is likewise inadequate. Plaintiff asserts that FNIC converted "paper and ink or toner" (Compl. ¶ 47) as a result of a fax that it received from Defendants. To state a claim for

conversion, Plaintiff must allege, among other requirements, wrongful or unauthorized assumption of control over property that can be identified as a "specific chattel." *Film & Tape Works, Inc. v. Junetwenty Films, Inc.*, 386 Ill. App. 3d 462, 475 (1st Dist. 2006) ("The subject of conversion is required to be an identifiable object of property of which the plaintiff was wrongfully deprived."). Plaintiff cannot state a claim for conversion because, among other reasons, the paper, ink or toner used in connection with the fax allegedly from Defendants are not specific chattel that can be the subject of a conversion claim. Moreover, Plaintiff does not allege that FNIC has exercised control or dominion over the property in question nor that Plaintiff ever made a demand for return of any amount of paper, ink or toner. Accordingly, Count III for conversion also should be dismissed.[1]

## ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff alleges in his putative class action Complaint that he is an Illinois resident who maintains a fax machine in Chicago, Illinois. (Compl. ¶ 3.) Defendant FNIC is a California corporation doing business in Illinois. (*Id*. ¶ 4.)

Plaintiff further alleges that on or about May 17, 2007, he received a fax he contends FNIC was responsible for sending. (*Id*. ¶¶ 7, 9.) Plaintiff contends that the fax was an "unsolicited fax advertisement" and that Plaintiff had no prior relationship with Defendants. (*Id*. ¶¶ 7, 12.) A copy of the fax that was allegedly received from FNIC is attached as Exhibit A to the Complaint. (*Id*. ¶ 9; Id., Ex. A.) The fax is a single-page document which provides information pertaining to a real estate investment trust seminar. (*Id.*, Ex. A.)

---

[1] FNIC has filed an Answer and Affirmative Defenses to Count I of the Complaint, which alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

Plaintiff seeks to maintain each count of its Complaint on behalf of a class of unidentified persons nationwide that allegedly received unsolicited fax advertisements from Defendants. (Compl. ¶¶ 24-30, 40-45, 53-58.)

## ARGUMENT

## I.     STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), dismissal is proper when a party can prove no set of facts in support of a claim that would entitle it to recovery.  *See Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996); *Arazie v. Mullane*, 2 F.3d 1456, 1464-65 (7th Cir. 1993).  While the allegations in a pleading and the reasonable inferences therefrom must be accepted as true for purposes of a motion to dismiss, bald assertions, unsupported conclusions or inconsistent statements are not.  *See Arazie*, 2 F.3d at 1465 ("We are not required ... to ignore facts alleged in the complaint that undermine the plaintiff's claim.").

## II.    PLAINTIFF'S CLAIMS AGAINST FNIC SHOULD BE DISMISSED.

### A.     Plaintiff Has Not Alleged Facts Sufficient To Show A Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act.

Plaintiff has failed to plead facts sufficient to state a claim under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA" or "Consumer Fraud Act").  To state a claim under the ICFA, a plaintiff must allege: (1) a deceptive act or unfair practice by the defendant; (2) that the defendant intended that the plaintiff rely on that act or practice, or intent by the defendant to deceive, defraud or be unfair to the plaintiff; and (3) that the deception or unfair practice occurred in the course of conduct involving trade and commerce.  *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417 (2002).

#### 1.     Plaintiff Has Failed to Allege That Defendants Engaged In Any "Unfair" Conduct or Practice.

To determine whether a course of conduct is "unfair" under the ICFA, the Court should consider (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Robinson*, 201 Ill. 2d at 417-18 (*citing Fed. Trade Comm'n v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972)).  All three of these factors do not need to be present for a particular practice to be "unfair."  A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.  *Robinson*, 201 Ill. 2d at 418 (*citing Cheshire Mortg. Serv., Inc. v. Montes*, 223 Conn. 80, 106 (1992)).  Claims brought under the ICFA must allege with particularity and specificity the unfair business practices of the defendant. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 502 (1996).

### a.    There Has Been No Violation of Public Policy

Here, Plaintiff's allegation of the transmission of one single-page document is not "oppressive" and did not cause substantial injury to Plaintiff.  At most, Plaintiff has only alleged that the transmission of the fax violated public policy.  However, several courts have held in virtually identical circumstances, that merely alleging a violation of public policy is insufficient to establish an "unfair" practice under the Illinois Consumer Fraud Act.  *See e.g., Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976, 979 (N.D. Ill. 2006); *W. Ry. Devices Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 WL 1697119, at *3 (N.D. Ill. June 13, 2006)[2]; *Zoes v. North Am. Bancard, Inc.*, No. 04 CH 1614, 2004 WL 5333438, at *7 (Ill. Cir. Ct. Oct. 6, 2004)[3]; *Whiting Corp. v. MSI Mktg., Inc.*, No. 02 CH 6332, slip op. at *17-

---

[2] A copy of this opinion is attached hereto as Exhibit 1.

[3] A copy of this opinion is attached hereto as Exhibit 2.

CHICAGO/#1722933.1

18, (Ill. Cir. Ct. Apr. 2, 2003)[4]. Furthermore, the Complaint is devoid of any allegations as to

why or how the alleged sending of the fax was unfair. As the Illinois Supreme Court has held,

Plaintiff's "…bare assertion of unfairness without describing in what manner the [alleged acts of

defendant] either violate public policy or are oppressive is insufficient to state a cause of

action…" *Robinson*, 201 Ill. 2d at 421.

### b. The Transmission of a Single One-Page Fax Advertisement Is Not "Oppressive" Conduct For Purposes of the ICFA.

Plaintiff alleges that on May 17, 2007, it received a single one-page fax advertisement

from Defendants. (Compl. ¶ 7.) Plaintiff does *not* allege that it received numerous faxes from

Defendant. Nor does Plaintiff allege that Defendants failed to honor a request from Plaintiff not

to receive future faxes. Furthermore, Plaintiff does not allege that this one-page fax caused any

disruption to his business or the operation of his fax machine. Even assuming the truth of

Plaintiff's allegations, Plaintiff has failed to allege any conduct that rises to the level of

"oppression" required to constitute an "unfair" act or practice under the ICFA. Nor does

Plaintiff's conclusory assertion of same make it so. *See Rossario's Fine Jewelry, Inc. v.

Paddock Publications, Inc*., 443 F. Supp. 2d 976, 979 (N.D. Ill. 2006) (declining to extend Rule

12(b)(6) deference to "pejorative 'unfair practice' label" within complaint, and dismissing ICFA

claim arising from alleged violation of TCPA).

It is well-established that the transmission of a single, unsolicited fax advertisement does

not constitute an oppressive act under the ICFA: "The Plaintiffs allege the conduct is oppressive,

yet they allege only one three page facsimile transactions to the Plaintiff. This, by inference,

suggests minimal disruption of one's business or occupation. *This conduct does not rise to the*

---

[4]A copy of this opinion is attached hereto as Exhibit 3.

*level of oppression envisioned by the drafters of ICFA.*"  *Weiss, Sugar, Dvorak & Dusek v. Human Res. Store, Inc.*, No. 03 CH 21867 (Ill. Cir. Ct. Oct. 12, 2004)[5] (emphasis added); *Zoes,* 2004 WL 5333438, at *7; *see also Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 979; *Western Railway Devices, Corp. v. Lusida Rubber Prod., Inc.*, No. 06 C 0052, 2006 WL 1697119 (N.D. Ill. June 13, 2006); *Whiting Corp.*, slip op. at *17-18.

>  **c.    Plaintiff Has Failed to Allege That The Transmission Of The One-Page Fax from Defendants Caused Plaintiff To Suffer Substantial Injury.**

A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has potential to cause injury to a large number of consumers.  *See Ekl v. Knecht*, 223 Ill. App. 3d 234, 245 (2d Dist. 1991) (plumber's threats to stop and undo work if he was not paid a large fee caused plaintiffs substantial injury because (a) they were deprived of bargaining power and forced to pay an unreasonable incremental amount, and (b) it could cause similar substantial injury to other consumers).  Plaintiff alleges that it "suffered damages as a result of receipt [sic] of the unsolicited faxes, in the form of paper and ink or toner consumed as a result," but only alleges the receipt of a single one-page fax.  (Compl. ¶ 35.)  Courts have held that similar allegations are insufficient to constitute substantial injury in rejecting the sufficiency of an ICFA claim.  *See e.g., Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *3 (Ill. Cir. Ct. Oct. 19, 2004)[6] (damages resulting from conversion of the paper and toner necessary to print unsolicited facsimile "are miniscule, i.e., pennies per plaintiff); *Zoes*, WL 5333438, at *7 (same); *accord Weiss, Sugar, Dvorak & Dusek*, No. 03 CH 21867 at *13-14.

---

[5]A copy of this opinion is attached hereto as Exhibit 4.

[6]A copy of this opinion is attached hereto as Exhibit 5.

Plaintiff's allegation that Defendants derived an "unfair competitive advantage over businesses that advertise lawfully (Compl. ¶ 37) is also insufficient to state an ICFA claim based on an "unfair practice" under the ICFA. A private cause of action brought under the ICFA for an allegedly "unfair" act requires that the plaintiff itself suffer actual, substantial injury as a result of the act. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149 (2002) (quoting *815 ILCS 505/2*). Furthermore, such injury must be substantial. *Robinson*, 201 Ill. 2d at 418. Whatever injury, if any, Defendants' purported competitors suffered as a result of Plaintiff's receipt of the fax is irrelevant to whether Plaintiff can establish its ICFA claim against FNIC.

Moreover, although Plaintiff also alleges that the sending of the fax caused class members to suffer damages, where a putative class representative has no valid claim in his own right, he cannot bring such a claim on behalf of a putative class. *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 581 (1st Dist. 2004). Plaintiff has failed to allege that he *personally* suffered substantial injury under the ICFA. Therefore, his allegations regarding the alleged damages of the proposed class have no bearing on whether Plaintiff has sufficiently alleged that he has suffered the substantial injury necessary to plead a cause of action under the ICFA.

### 2. Plaintiff Has Failed to Allege That Defendant Intended the Transmission of The Fax to Be Unfair to the Plaintiff.

Plaintiff has also failed to allege that FNIC intended that the transmission of the single-page facsimile be unfair to him. *Connick*, 174 Ill. 2d at 502; s*ee also Stern v. Norwest Mortgage*, *Inc.*, 179 Ill. 2d 160, 169 (1997) (dismissing ICFA claim because, among other reasons, plaintiff failed to allege that defendant intended that the act be unfair to the plaintiff). To the contrary, the allegations of Plaintiff's Complaint and the one-page facsimile attached as an exhibit reflect nothing more than a good faith attempt to promote an available service.

- 7 -

3.     **The Failure To Include A Prohibition Against Unsolicited Telephone Facsimile Transmissions In The ICFA Prevents A Finding Of A Per Se Violation Of The ICFA.**

The text of the Illinois Consumer Fraud Act fails to include any prohibition against unsolicited telephone facsimile transmissions in Section 2Z of the ICFA.  (815 ILCS 505/2Z). Courts have held that such a failure prevents a finding of a per se violation of the ICFA.  *Whiting Corp.*, No. 02 CH 6332, at *18. (internal citations omitted).  As the Illinois Supreme Court has held, when certain acts are prohibited by a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition.  *See e.g., In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 552 (1956); *see also Lunde v. Rockford Pub. Library Bd.*, 153 Ill. App. 3d 803, 809-10 (1987); *In re Estate of Orzoff*, 116 Ill. App. 3d 265, 268, (1983); *Roth v. Dep't of Pub. Aid*, 109 Ill. App. 3d 457, 460 (1st Dist. 1982).  Thus, because there is no indication in the language of the ICFA to suggest that the legislature's intent was to provide that sending unsolicited facsimiles transmissions constitutes a violation of the Consumer Fraud Act, Plaintiff cannot and does not sufficiently plead a claim for violation of the ICFA.

For all of these reasons, Plaintiff's Count II claim for violation of the ICFA should be dismissed pursuant to Rule 12(b)(6).

B.     **Plaintiff's Conversion Claim Should Be Dismissed Because The Property That Was Allegedly Converted Cannot Be The Subject of a Conversion Claim and There Was No Demand For Return Of The Property.**

Plaintiff's conversion claim should be dismissed because Plaintiff has failed to sufficiently plead a cause of action of conversion.  Plaintiff alleges that Defendant converted "ink or toner and paper belonging to plaintiff." (Compl. ¶ 47.)  The ink or toner and paper that were allegedly converted by Defendants are not "specific chattel" that can be the subject of a conversion claim, and therefore Plaintiff's allegations do not state a claim for conversion under Illinois law.  *See Film & Tape Works, Inc.*, 386 Ill. App. 3d at 475 ("The subject of a conversion

- 8 -

claim must be an identifiable object of property.").  Nor does Plaintiff contend that FNIC exercised dominion or control over the property.  Furthermore, Plaintiff fails to allege that he made a demand for return of the "property" that was allegedly converted, as is required to state a claim for conversion.  *See Roderick Dev. Inv. Co., Inc. v. Cmty. Bank of Edgewater*, 282 Ill. App. 3d 1052, 1057 (1996) (requiring allegation of demand for return of property to state conversion claim).  The absence of any allegation of a demand for return of the property renders Plaintiff's conversion claim insufficient, and highlights Plaintiff's attempt to undermine the fact that the property at issue is not an appropriate subject for a tortuous conversion claim.

**1.　"Ink or Toner and Paper" Is Not Specific Chattel That Can Be The Subject of A Conversion Claim.**

Under Illinois law, to sufficiently allege a claim for conversion, Plaintiff must allege: (1) the defendant's unauthorized and wrongful act of control, dominion or ownership over the plaintiff's personal property; (2) the plaintiff's right in the property; (3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally; and, (4) the plaintiff's demand for possession of the property.  *Roderick*, 282 Ill. App. 3d at 1057.  The subject of a conversion claim must be a "specific chattel," i.e., an "identifiable object of property."  *In re Thebus*, 108 Ill. 2d 255, 260 (1985).  Furthermore, an asserted "…right to an indeterminate amount of money is insufficient to maintain a cause of action in conversion."  *Roderick*, 282 Ill. App. 3d at 1059 (internal citations omitted).

In this case, Plaintiff has not alleged that Defendants converted any specific or identifiable property.  Rather, Plaintiff alleges only that Defendants converted an indeterminate amount of "ink or toner and paper" without any further detail.  (Compl. ¶ 47.)  Because these materials cannot be easily segregated or identified, Plaintiff fails to sufficiently plead a cause of action for conversion.

## 2.    Plaintiff Cannot State a Claim for Conversion Where Defendants Never Possessed the Allegedly Converted Property

A claim for conversion requires an allegation that a defendant exercised control, dominion or ownership over the plaintiff's personal property. *Roderick*, 282 Ill. App. 3d at 1057. Here, Plaintiff does not, nor can he, contend that the allegedly converted property – ink, toner and paper – came under FNIC's control or possession, a necessary element of a claim. Moreover, at least one court in this district addressing this same question have concluded that the concept of dominion and control is inapplicable to conversion claims based on alleged TCPA violations. *See Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d 980 ("[I]t would impermissibly warp the concept of 'conversion' if that label were to be attached Rossario's property (ink, toner and paper) that never came into Paddock's possession at all – that was never 'unlawfully held' by Paddock and as to which Paddock could be said to have 'assumed control, dominion or ownership over the property.'").

## 3.    Plaintiff Does Not Allege That It Made A Demand For Return Of Any Allegedly Converted Property.

Plaintiff has failed to sufficiently plead a cause of action for conversion because he does not allege that he demanded the return of the allegedly converted property. An allegation of a demand for return of the property is a required element of a conversion claim under Illinois law. *Roderick*, 282 Ill. App. 3d at 1052. Here, Plaintiff has not alleged that he made a demand for any amount of "ink or toner and paper" that was allegedly converted. (Compl. ¶¶ 47-53.)

For all of these reasons, Plaintiff's Count III claim for conversion should be dismissed.

## <u>CONCLUSION</u>

FNIC respectfully requests entry of an Order dismissing Counts II and III of Plaintiff's Complaint, and for such other relief as the Court deems appropriate.

CHICAGO/#1722933.1

Dated: December 26, 2007

Respectfully submitted,

FINANCIAL NETWORK INVESTMENT
CORPORATION


By: s/ Jeffery M. Heftman
                  One of Its Attorneys

James V. Garvey
Jeffery M. Heftman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
T: (312) 609-7500
F: (312) 609-5005

CHICAGO/#1722933.1