IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARL MAGNUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 7112 |
| | ) | |
| FINANCIAL NETWORK INVESTMENT CORPORATION, | ) ) | Judge Dow |
| and JOHN DOES 1-10, | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.   Plaintiff Karl Magnus brings this action to secure redress for the actions of defendant Financial Network Investment Corporation in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.   The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

### PARTIES

3.   Plaintiff Karl Magnus is an individual who maintains telephone facsimile

1

equipment in Cook County, Illinois.

4. Defendant Financial Network Investment Corporation is a California corporation that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §1331. *See also* Brill v. Countrywide Home Loans, Inc., 427 F.3d, 446 (7th Cir. 2005). Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a. Have committed tortuous acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

## FACTS

7. On or about May 17, 2007, plaintiff Karl Magnus received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

8. Discovery may reveal the transmission of additional faxes as well.

9. Defendant Financial Network Investment Corporation is responsible for sending or causing the sending of the fax.

10. Defendant Financial Network Investment Corporation, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of

the faxes.

11. The fax refers to a website registered to defendant Financial Network Investment Corporation or its affiliate ING North America Insurance.

12. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

14. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

16. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

17. Plaintiff incorporates ¶¶ 1-16.

18. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

21. Plaintiff and each class member is entitled to statutory damages.

22. Defendants violated the TCPA even if their actions were only negligent.

23. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Financial Network Investment Corporation, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Financial Network

Investment Corporation promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing, together with an "opt out" notice that complies with federal law.

25. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring individual actions.

29.     Several courts have certified class actions under the TCPA.  Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,  03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844  (Ariz. App.  2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000)  (private class actions); see  State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

30.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.     Actual damages;

    b.     Statutory damages;

    c.     An injunction against the further transmission of unsolicited fax advertising;

    d.     Costs of suit;

    e.     Such other or further relief as the Court deems just and proper.

/s/Daniel A. Edelman  
Daniel A. Edelman

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (fax)