**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KARL MAGNUS, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 07 C 7112 | |
| ) | | |
| FINANCIAL NETWORK INVESTMENT ) | Judge Dow | |
| CORPORATION, and JOHN DOES 1-10, ) | | |
| ) | Magistrate Judge Cole | |
| ) | | |
| Defendants. ) | | |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff hereby makes the following disclosures to Defendant, Financial Network Investment Corporation, pursuant to Federal Rule of Civil Procedure 26(a)(1).

    A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

        Karl Magnus, Plaza Office Park, 121 S. Wilke, Suite 201, Arlington Heights, Illinois, 60005- Plaintiff may only be contacted through his attorneys.

        Information relating to the advertisement received by Plaintiff and sent or caused to be sent by Defendants (attached to the Complaint as Exhibit A).

        Officers, directors, employees and agents of: Financial Network Investment Corporation

        Information relating to Defendants' policies, procedures and practices relating to compliance with the Telephone Consumer Protection Act, specifically including, *inter alia*, information relating to the advertisement received by Plaintiff (attached to the Complaint as Exhibit A); their relationship(s) with any entities responsible for the sending of the advertisement to Plaintiff; and their relationships with any of the recipients of the advertisement.

    B.    A copy of, or description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

>A facsimile advertisement received by Plaintiff, which was attached to the Complaint as <u>Exhibit A</u>.

C. A computation of any category of damages claimed by the disclosing party, making available for copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

>Plaintiff is seeking, for himself a class of individuals similarly situated, appropriate statutory damages provided by 47 U.S.C. §227, appropriate damages as provided for by ICFA § 2, 815 ILCS 505/2; appropriate damages as provided for by Illinois common law relating to Plaintiff's claim of conversion, attorney's fees, litigation expenses, costs of suit, and any other appropriate relief.

D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

>None.

>Respectfully submitted,

>/s/ Julie Clark
>Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Julie Clark, certify that on March 17, 2008, I had a copy of PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) filed electronically and served on the following parties:

James Vincent Garvey
jgarvey@vedderprice.com

Jeffrey Michael Heftman
jheftman@vedderprice.com

/s/ Julie Clark
Julie Clark